This Opinion is a Precedent
of the TTAB

UNITED STATES PATENT AND TRADEMARK OFFICE
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA 22313-1451
General Contact Number: 571-272-8500

DUNN

Mailed:  December 9, 2015

Cancellation No. 92060707

*Guess? IP Holder L.P.*

*v.*

*Knowluxe LLC*

Before Zervas, Bergsman, and Shaw,
   Administrative Trademark Judges.

By the Board:

   Petitioner filed a petition to cancel Registration No. 4624401 on the grounds of likelihood of confusion and dilution. In lieu of an answer, Respondent filed a motion to dismiss the petition under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, arguing that both claims are implausible and that Petitioner's asserted trademark rights conflict with the doctrine of aesthetic functionality and the prohibition against claims of trademark rights in gross. The motion was contested, and the Board denied it.

   This case now comes up on Respondent's request for reconsideration of the Board's order denying Respondent's motion to dismiss. Inasmuch as Respondent filed its request for reconsideration fifteen days after the order issued, the request is

timely and may be considered. *See* Trademark Rule 2.127(b), 37 CFR § 2.127(b) (request must be filed within one month). Respondent contends that the Board did not specifically address all of its arguments regarding how Petitioner's pleaded trademark rights conflict with the doctrine of aesthetic functionality and the prohibition against claims of trademark rights in gross. In Respondent's opinion, there was "an incomplete legal basis for the Board's decision on the Motion."[1]

A motion for reconsideration under Trademark Rule 2.127(b) is limited to a demonstration that on the basis of the facts before the Board and applicable law, the Board's ruling was in error and requires appropriate change. Trademark Trial and Appeal Board Manual of Procedure (TBMP) § 518 (October 2015). *See Vignette Corp. v. Marino*, 77 USPQ2d 1408, 1411 (TTAB 2005) (reconsideration denied because Board did not err in considering disputed evidence).

A motion to dismiss for failure to state a claim concerns only one issue: the legal sufficiency of the pleaded claims. *See Advanced Cardiovascular Systems Inc. v. SciMed Life Systems Inc.*, 988 F.2d 1157, 26 USPQ2d 1038, 1041 (Fed. Cir. 1993), and cases cited in TBMP § 503.02. The Board's denial of the motion to dismiss set

---

[1] Respondent points out two non-precedential decisions in which the Board granted reconsideration of a decision and, arguably, did so because it had not addressed a movant's argument.

 The first involved a situation in which the Board did not consider arguments because a relevant paper had not been associated with the file at the time of the original decision. *See Maui Visitors Bureau v. Moreland*, Opposition No. 91123641 (TTAB Dec. 18, 2003). The second involved a situation in which the Board inadvertently failed to reset the time to respond to a motion. *See Arden Savoy Partners LLC v. Savoy Hotel Ltd.*, Cancellation No. 92040406 (TTAB Jul. 10, 2003). Both of these fact situations are inapposite to the present situation. We add that, although parties may cite to non-precedential decisions, the practice is not encouraged. *Inter Ikea Sys. B.V. v. Akea, LLC*, 110 USPQ2d 1734, 1742 n.24 (TTAB 2014), *citing Corporacion Habanos SA v. Rodriguez*, 99 USPQ2d 1873, 1875 n.5 (TTAB 2011).

forth the legal standard for determining the sufficiency of the pleadings, the requirements for properly pleading likelihood of confusion and dilution, and the allegations in the petition to cancel which satisfied those requirements. Nothing more was necessary to explain that Petitioner properly pleaded its likelihood of confusion and dilution claims. Respondent's further arguments regarding matters other than the legal sufficiency of the claims were superfluous. The Board did not err in failing to discuss Respondent's arguments asserting Petitioner's inability to prove its well-pleaded trademark claims. While the Board carefully considers all arguments made by the parties in connection with a motion, there is no requirement that the Board's order repeat or discuss irrelevant arguments.

Respondent's arguments are in the nature of defenses, i.e., matters which are alleged to bar the relief requested by Petitioner. But Respondent has not yet filed a responsive pleading asserting any defenses. While a tribunal may, under a motion to dismiss for failure to state a claim, consider defenses which appear on the face of the complaint itself, *Jones v. Bock*, 549 U.S. 199, 215 (2007) (citing *Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001)) ("Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether *the allegations in the complaint* suffice to establish that ground. . . ." (emphasis added)), the standard for considering the motion is still whether the complaint states a plausible claim for relief. As noted in our prior order, the petition for cancellation meets that standard. In due course, Respondent will have an

opportunity to assert any appropriate defense, develop the record, and argue the merits of its case, but consideration of the merits is premature at this juncture.

Respondent contends that the order denying its motion to dismiss is similar to the Board order discussed in *Selva & Sons, Inc. v. Nina Footwear, Inc.,* 705 F.2d 1316, 217 USPQ 641 (Fed. Cir. 1983). We disagree and find the contention an example of the type of unfounded argument that the Board need not address in detail, if at all. In *Selva*, the Federal Circuit determined that the Board had not specified the basis for its dismissal of a petition to cancel. Respondent's basis for seeking reconsideration is not that the Board failed to address the substantive issues before it (i.e. the legal sufficiency of the pleaded claims), but that the Board failed to address other matters raised by Respondent. *Selva* does not require the Board to address matters unnecessary to its determination of the legal sufficiency of a pleading.

Having carefully reviewed the July 13, 2015 order denying the motion to dismiss, and having found that it adequately explains why the petition to cancel meets the pleading requirements of Fed. R. Civ. P. 8, Respondent's request for reconsideration is DENIED. Accordingly, the Board's July 14, 2015 order stands as issued.

Respondent is allowed until TWENTY DAYS of the mailing date of this order to file its answer to the petition to cancel.

Proceedings are resumed and dates are reset below.

| | |
|---|---|
| Deadline for Discovery Conference | **1/28/2016** |
| Discovery Opens | **1/28/2016** |
| Initial Disclosures Due | **2/27/2016** |

| | |
|---|---|
| Expert Disclosures Due | **6/26/2016** |
| Discovery Closes | **7/26/2016** |
| Plaintiff's Pretrial Disclosures | **9/9/2016** |
| Plaintiff's 30-day Trial Period Ends | **10/24/2016** |
| Defendant's Pretrial Disclosures | **11/8/2016** |
| Defendant's 30-day Trial Period Ends | **12/23/2016** |
| Plaintiff's Rebuttal Disclosures | **1/7/2017** |
| Plaintiff's 15-day Rebuttal Period Ends | **2/6/2017** |

In each instance, a copy of the transcript of testimony, together with copies of documentary exhibits, must be served on the adverse party within thirty days after completion of the taking of testimony. Trademark Rule 2.125, 37 CFR. § 2.125.

Briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b), 37 CFR §§ 2.128(a) and (b). An oral hearing will be set only upon request filed as provided by Trademark Rule 2.129, 37 CFR § 2.129.